# Exhibit B

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| In re Porsche Automobil Holding SE | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Petitioner's Requests for Production of Documents

| Place: Sullivan & Cromwell LLP<br>125 Broad Street<br>New York, New York 10004 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____     _____
*Signature of Clerk or Deputy Clerk*                     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Porsche Automobil Holding SE _____ , who issues or requests this subpoena, are:

Suhana S. Han, Sullivan & Cromwell LLP, 125 Broad Street, New York, New York 10004; HanS@sullcrom.com; (212) 558-4000

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                              *Server's signature*

                                              _____
                                              *Printed name and title*

                                              _____
                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

*In re ex Parte* Application of Porsche Automobil Holding SE for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings.

Case No.

## PETITIONER'S REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure and Rule 26.3 of the Local Rules of the United States District Court for the Southern District of New York (collectively, the "Rules"), Petitioner Porsche Automobil Holding SE hereby requests that within 14 days from the date of service of the Requests for Production of Documents (the "Requests"), respondent [RESPONDENT NAME] ("Respondent") produce the documents described herein for inspection and copying at the offices of Sullivan & Cromwell LLP, 125 Broad Street, New York, New York 10004, in the manner prescribed by the Rules, and in accordance with the Definitions and Instructions set forth below.

## DEFINITIONS

The definitions and rules of construction set forth in Local Civil Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York are hereby incorporated and apply to these requests for the production of documents.

1. "Communication" means the transmittal of information in the form of facts, ideas, inquiries or otherwise, whether transmitted orally, in paper, or electronically.

2. "Concerning" means relating to, referring to, describing, evidencing or constituting.

3. "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A).

4. "Including" means including without limitation.

5. "Porsche Automobil Holding SE" means Porsche Automobil Holding SE, its predecessors, successors, affiliates, and current or former officers, directors and employees, and any person or entity acting or purporting to act on its behalf.

6. "Security" or "Securities" means any equity, debt or other corporate interest, or any instrument that refers to, relates to, or is otherwise connected to such interest in any way, including, without limitation, shares of stock; put, call, or cash-settled options; and American Depositary Receipts.

7. "Relevant Securities" means (i) any Security or Securities issued by Volkswagen AG or Porsche Automobil Holding SE, (ii) any Security or Securities issued by an entity (or entities) other than Volkswagen AG or Porsche Automobil Holding SE and referring to, relating to, or connected with Volkswagen AG ordinary or preference shares or Porsche Automobil Holding SE preference shares, whether in whole or in part, or (iii) any Securities that are part of, reference, or correspond with any of Respondent's trading strategies relating to Securities issued by Volkswagen AG or Porsche Automobil Holding SE, including but not limited to hedging.

8. "Volkswagen" means Volkswagen AG, its predecessors, successors, affiliates, and current or former officers, directors and employees, and any person or entity acting or purporting to act on its behalf.

9. "You" or "Your" means [RESPONDENT NAME], individually, collectively, or in any combination, as well as any present or former owner, director, officer, employee, agent, predecessor, successor, or other person or entity authorized to act on [RESPONDENT NAME'S] behalf.

## INSTRUCTIONS

1. Please respond separately to each request and produce all Documents in Your possession, custody, or control regardless of where such Documents are located.

2. Documents shall be produced and Bates numbered in a manner that ensures that the source of each Document may be determined.

3. You must produce responsive Documents as they have been kept in the usual course or shall organize or label them to correspond to the enumerated requests herein. Documents that, in their original condition, were stapled, clipped, or otherwise fastened together shall be produced in such form.

4. Each Document requested herein is to be produced in its entirety and without deletion or excisions, regardless of whether You consider the entire Document to be relevant or responsive.

5. For the purpose of construing the scope of these requests, the terms used shall be given their most expansive and inclusive interpretation.

6. In accordance with Local Civil Rule 26.3, (a) the terms "all," "any," and "each" shall each be construed as encompassing any and all; (b) the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope; and (c) the use of the singular form of any word includes the plural and vice versa.

7. Unless instructed otherwise, each request shall be construed independently and not by reference to any other request for the purpose of limitation or exclusion.

8. You must answer each request separately and fully, unless it is objected to, in which event the objection(s) should be specifically stated.

9. If, in responding to the Requests, you claim any ambiguity in interpreting a Request or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis for refusing to respond, but you shall set forth as part of your response to such Request, the language deemed to be ambiguous and the interpretation chosen to be used in responding to the Request.

10. In the event that you claim that a Request is overbroad or unduly burdensome, you are requested to respond to that portion of the Request which is unobjectionable and specifically identify the respect in which the Request is allegedly overbroad or unduly burdensome. If your objection only goes to part of the Request, produce all Documents that do not fall within the scope of your objection.

11. If you are unable to answer any Request for production in full, after exercising due diligence to secure the requested information, so state, and explain why the Request for production cannot be answered in full.

12. If any Document is currently not available and is in the possession of another party, identify the person or persons from whom the Document may be obtained.

13. If any Document which forms a part of or the entire basis for any response to a Request has been destroyed or lost, for each such Document state when it was destroyed or lost, identify the person who destroyed or lost the Document, and the person who directed that it be destroyed. In addition, detail the reasons for the destruction, describe the nature of the

Document, identify the person(s) who created, sent and received the Document, state the date of the Document, and state in as much detail as possible the contents of the Document.

14. If You withhold or redact any document, or any portion of any document, under a claim of privilege, immunity or protection, including the attorney-client privilege or work product doctrine or for any other reason, You must provide the information required by Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure and Local Civil Rule 26.2 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York. If information is redacted or otherwise withheld from a document produced in response to a Request, You must identify the redaction or otherwise withheld material by stamping "Redacted" on the document at each place from which information has been redacted or otherwise withheld.

15. Unless otherwise specified, the relevant time period for these Requests is from January 1, 2012 to December 31, 2015.

## REQUESTS

1. Documents sufficient to show each transaction (including, but not limited to, short sales, closing of short positions, and lending transactions) in Relevant Securities made between January 1, 2012 and December 31, 2015, including, with respect to each transaction:

　　i. the date and time of the transaction;

　　ii. the price of the Relevant Security or Relevant Securities;

　　iii. the book value, if any, of the Relevant Security or Relevant Securities on the date of the transaction;

　　iv. the contractual conditions underlying the transaction;

    v.    any recorded profit or loss (regardless of whether the profit or loss accrued during the specified time period);

    vi.    the associated fund or beneficial owner and account number;

    vii.    the Relevant Security or Relevant Securities' depositary and sub-account registration numbers;

    viii.    in the case of a stock lending transaction, the lending fees paid or received;

    ix.    in the case of an options or derivatives transaction, the premiums paid or received, the strike price, the maturity date, and the underlying Security or Securities;

    x.    in the case of a single investment or divestment decision executed through several transactions, the date and size of the initial investment or divestment decision and which execution transactions were related to the decision;

    xi.    whether a certificate or share in a certificate was associated with the Relevant Security or Securities;

    xii.    the registration number, if any, for each and every certificate or share in a certificate associated with the Relevant Security or Securities; and

    xiii.    any other specifications that permit the matching of Your individual sale and purchase transactions of Relevant Securities.

2.    Documents sufficient to show the amount and type of Relevant Securities held on January 1, 2012 and on September 21, 2015, by or in each fund, account, or sub-account identified in response to Request No. 1(vi)–(vii), as well as the book values of such Relevant

Securities as of January 1, 2012 and September 21, 2015, and the specific contractual conditions, in particular prices, underlying the transactions by which the Relevant Securities were acquired.

3. Documents sufficient to show the process by which each and every Relevant Security identified in response to Request No. 1 was transferred between the parties to the transaction, including, but not limited to, the process by which each and every certificate or share in a certificate identified in response to Request No. 1(xi) or (xii) was transferred between the parties to the transaction.

4. Documents sufficient to show how sales and purchase transactions identified in response to Request No. 1 were matched or allocated for internal accounting, tax accounting, or any other purposes, including Documents sufficient to show Your applicable rules, policies, procedures or practices if no actual match or allocation of sales and purchase transactions was made.

5. All fund account statements and depositary account statements referencing the transactions identified in response to Request No. 1.

6. All Documents and Communications concerning any actual, intended, contemplated, or possible transactions in or holding of any Relevant Securities, including, but not limited to, all Documents and Communications concerning the decision or strategy to enter into, terminate, or hedge any investment or transaction in Relevant Securities, as well as the specific contractual conditions underlying the respective transaction, in particular the price of any sale or purchase of Relevant Securities and the book value, if any, of the respective Relevant Securities on the day of the respective transaction.

7. All Documents and Communications made between January 1, 2012 and September 18, 2015 concerning emissions from or the environmental impact of Volkswagen,

Audi, or Porsche diesel vehicles, including, but not limited to, all Documents and Communications concerning the use of clean diesel technology, turbocharged direct injection or TDI engines, or defeat devices in Volkswagen, Audi, or Porsche diesel vehicles.

Dated: _____

        Robert J. Giuffra Jr.
        Suhana S. Han
        Myla G. Arumugam
        SULLIVAN & CROMWELL LLP
        125 Broad Street
        New York, NY 10004
        (212) 558-4000 (telephone)
        (212) 558-3588 (facsimile)

        *Counsel for Petitioner Porsche*
        *Automobil Holding SE*