# Exhibit C

[emblem]

# Regional Court of Stuttgart

## 22nd Civil Division

Stuttgart, February 28, 2017

Business ref.:

22 AR 1/17 Kap

# Referral Order

in the matter

of the **Representative Complainant** to be determined according to § 9 Para. 2 of the KapMuG (*Kapitalanleger-Musterverfahrensgesetz* [Capital Investor Representative Proceedings Act]),

versus

**Porsche Automobil Holding SE**, represented by the Chairman of the Board Hans Dieter Pötsch, Porscheplatz 1, 70435 Stuttgart,

- Representative Respondent -

Attorney of record:   Attorneys at Law Hengeler Mueller, Bockenheimer Landstraße 24, 60323 Frankfurt am Main
Attorneys at Law Dres. Markus Meier and Philipp Hanfland

wärtiger Umstand) und den Rechts- und Compliance-Verstößen selbst, die ein bereits eingetretenes Ereignis darstellen, zu unterscheiden. Da die drohende finanzielle Last aufgrund von Bußgeldern und Schadensersatzforderungen geschädigter Anleger als künftiges Ereignis zu interpretieren ist, kann sich die Beklagte nicht mit Erfolg auf die Einrede der Verjährung berufen. Der am 9. April 2009 eingetretene Rechtsverstoß stellt zwar eine Insiderinformation dar, hindert aber nicht die Entstehung künftiger Insiderinformationen.

3.  Klärungsbedürftigkeit der Rechtsfragen

67  Nach § 2 Abs. 1 Satz 1 KapMuG kann beantragt werden, im Wege eines Musterverfahrens eine Rechtsfrage zu klären. Unter einer „Rechtsfrage" in diesem Sinne ist dabei jede Auslegungsfrage hinsichtlich einer Rechtsnorm zu verstehen, wenn die konkrete Rechtsanwendung dem Vorlagegericht weiterhin vorbehalten bleibt (KK-KapMuG/Kruis Rdn. 53, *Hanisch* Das Kapitalanleger-Musterverfahrensgesetz, Diss. Berlin 2010, S. 92ff.). Vorlagefähige Rechtsfragen sind alle Fragen zu spezifischen Normen des Kapitalmarkthaftungs- und des Wertpapierübernahmerechts. Von der im Feststellungsziel genannten Frage hängt die Entscheidung des Einzelrechtsstreits ab, wenn die jeweilige Frage an einer Stelle des *Entscheidungsbaums,* der für die Endentscheidung abzuarbeiten ist, zu klären ist (so plastisch *Vorwerk* in: Vorwerk/Wolf, § 1 Rdn. 72). Dies ist vorliegend in zweierlei Hinsicht der Fall.

68  Die Frage der Betroffenheit der Holdinggesellschaft durch publizitätspflichtige Ereignisse im Konzernunternehmen Volkswagen AG und die Frage nach der Restriktion der Ad-hoc-Publizitätspflicht bei einer Holdinggesellschaft stellen klärungsbedürftige Rechtsfragen dar. Auch die im Rahmen der Wissenszurechnung aufgeworfenen Rechtsfragen, konkret die in Rede stehende Informationsabfragepflicht und die Infor-mationsweiterleitungspflicht, sind für eine Vielzahl von Klagen klärungsbedürftig. Die Frage der Betroffenheit des Mutterunternehmens von unternehmensexternen Ereignissen im Tochterunternehmen sowie die Frage nach der Zulässigkeit der Informationsweitergabe seitens des Tochterunternehmens zur Erfüllung der Ad-hoc-Publizität sind die zentralen Rechtsfragen bei der Endentscheidung der Anlegerklagen.

B –  Declaratory determination goals not currently relevant to the decision

69  The assessment goal **no. 3** is generally permitted in reference to the above-stated range. Within the scope of the claims for liability pursuant to Sections 37b and 37c WpHG (Securities Trading Act) there is a particular need to determine for a plurality of investors

26

a hypothetic performance (cf. KK-KapMuG/*Kruis*, 2nd Edition, side no. 43, *Wanner,* l.c., p. 147).

70  However, in order to not over-burden the representative proceeding, the Court of Referrals will not allow the declaratory target at the present time. Should the appellate court come to the conclusion in its review that the Respondent must *neither* allow itself to be attributed an omitted forwarding of information by Volkswagen AG *nor,* due to the undetermined knowledge of its former Chairman of the Board, Prof. Dr. *Martin Winterkorn*, had no specific reason or legal possibility for invoking the events occurring at Volkswagen AG within its scope of activities, then the complaints are suitable for dismissal. Were the Court of Referrals also to include the declaratory target regarding abnormal revenues in it the referral order, then the appellate court would be forced to undertake an unnecessary, time-intensive, and costly investigation from the beginning with entry of the referral order (§ 273 Para. 1 No. 4 of the ZPO (*Zivilprozessordnung* [Code of Civil Procedures]) in conjunction with § 11 Para. 1 Sentence 1 of the KapMuG) due to the binding declaratory targets. In the legislative view, however, the procedural law does not serve to bindingly clarify the declaratory targets with broad effect if the further investigation cannot lead to the success of the complaint (KK-KapMuG/*Vollkommer* § 11 margin no. 25; BGH (*Bundesgerichtshof* [Federal Supreme Court]), ZB XI 9/13, juris margin no. 106). The prospects for success of the complaint depend primarily upon whether the Senate agrees with the Court of Referrals' legal explanations regarding the attribution of knowledge. For this reason, the Court of Referrals dismisses the petition for a representative proceeding Section 3, not as impermissible, but rather merely as not materially relevant *at the present time*. Should the appellate court come to a favorable conclusion for the Complainant in the previous referral questions, then it will not be required to allow the entry of the as yet materially irrelevant petition for a representative proceeding Section 3 according to § 15 of the KapMuG.

71  The legal construct of the application for a model case, currently not relevant for any decision, is considered in the claim for effective legal protection, both in respect to the plaintiff as well as the defendant.  This way the appellate court can appropriately control the model case within the scope of a *case management* by precisely determining the underlying "puzzle pieces" of the complaint and the rejoinder without initially overloading the model case.  The model case shall, only to the extent necessary, clarify the essential basic matters with a generally binding effect and not limit the parties in the form of proceedings to preserve evidence in their right for clarifying any and all potentially relevant matters.  This restriction

of the model case is also appropriate within the scope of the preliminary ruling, particularly since it considers the circumstance that the model case is only a first, separate trial court and the appellate court has to review in advance which parts of the legal matter are relevant for the separate concluding subsumption of a final decision.  The appellate court determines therefrom the relevance of a few global goals from a plurality of motions for assessment.

72   The separation of the first trial court within the scope of the model case by assigning it to the higher regional court serves, in the opinion of the legislator, to improve correctness in reference to the clarification of legal matter that are in flux and disputed matters important for a plurality of investors.  However, this may not lead to the conclusion that all conditions of the standard to be claimed must be determined by the higher regional court (BGH (Federal Court of Justice), XI ZB 26/07, ZIP 2008, 1326 (1329)). Otherwise the legislator had to reason a first-instance responsibility of the higher regional court pursuant to the release proceedings according to Section 246a AktG (Company Law).

C — Unzulässige Musterverfahrensanträge

73   Das Gericht verwirft nach § 3 KapMuG die gestellten Musterverfahrensanträge insoweit, als sie unzulässig sind. Ist ein Musterverfahrensantrag teilweise unzulässig, kann die Zurückweisung entweder im Rahmen der Eintragung des teilweise zulässigen Musterverfahrensantrags erfolgen oder bei ausreichender Anzahl von Musterverfahrensanträgen (§ 3 Abs. 4 iVm. § 6 Abs. 1 KapMuG) im Vorlagebeschluss erfolgen.

74   Die Zurückweisung von nicht entscheidungserheblichen oder zur Zeit nicht entscheidungserheblichen Musterverfahrensanträgen trägt dem binnenjustiziellen Bündelungsmechanismus des KapMuG Rechnung, wonach nur entscheidungserhebliche Tatsachen- und Rechtsfragen mit Breitenwirkung festgestellt werden sollen. Zugleich wird dadurch eine Überfrachtung des Musterverfahrens vermieden. Eine Erweiterung des Musterverfahrens nach § 15 KapMuG ist den Parteien des Musterverfahrens bezüglich der zurückgewiesenen Feststellungsziele solange verwehrt, als das Oberlandesgericht keinen weiteren von der Rechtsauffassung des Vorlagegerichts abweichenden rechtlichen Hinweis erteilt.



City of New York, State of New York, County of New York

I, Noosha Uddin hereby certify that the document **"Excerpt from Order of the Regional Court of Stuttgart dated February 28, 2017"** is to the best of my knowledge and belief, a true and accurate translation from German into English.

Noosha Uddin

Sworn to before me this
May 13, 2019

Signature, Notary Public

```
RYAN ALEXANDER DROST
Notary Public - State of New York
No. 01DR6262048
Qualified in NEW YORK County
My Commission Expires MAY 21, 2020
```

Stamp, Notary Public

LANGUAGE AND TECHNOLOGY SOLUTIONS FOR GLOBAL BUSINESS

THREE PARK AVENUE, 40TH FLOOR, NEW YORK, NY 10016 | T 212.689.5555 | F 212.689.1059 | WWW.TRANSPERFECT.COM
OFFICES IN 90 CITIES WORLDWIDE