# Exhibit D

Aktenzeichen:
22 O 348/16



**Landgericht Stuttgart**

Eingegangen

06. April 2018

HENGELER MUELLER

# Terminsverfügung

In dem Rechtsstreit

1) **Greenwich (Japan) Limited**, PO Box 309, Ugland House South Church Street, Grand Cayman, Cayman Islands, vertreten durch ihre Direktoren Paul Singer und Elliot Greenberg, 40 West 57th Street, 4th floor, New York, NY 100019, U.S.A., Vereinigte Staaten
   - Klägerin -

2) **Gateshead (Japan) LLC**, vertreten durch ihren Genral Partner Paul Singer, 40 West 57th Street, 4th floor, New York, NY 100019, U.S.A, c/o The Corporation Trust Company, Corporation Trust Centerm 1209 Orange Street, Wilmington DE, 19801 U.S.A., verteten durch den Managing Member Elliot Associates, L.P.,, 40 West 57th Street, 4th Floor, New York, New York 10019, U.S.A., Vereinigte Staaten
   - Klägerin -

Prozessbevollmächtigte zu 1 und 2:
Rechtsanwälte **BROICH**, Bockenheimer Landstraße 2-4, 60306 Frankfurt am Main

gegen

**Porsche Automobil Holding SE**, vertreten durch d. Vorstand, Porscheplatz 1, 70435 Stuttgart
- Beklagte -

Prozessbevollmächtigte:
Rechtsanwälte **Hengeler Mueller**, Bockenheimer Landstraße 24, 60323 Frankfurt

wegen Schadensersatzforderungen aus § 37 b WpHG

1    In dem Verfahren werden folgende Termine zur mündlichen Verhandlung und Beweisaufnahme bestimmt:

| Wochentag und Datum | Uhrzeit | Zimmer/Etage/Gebäude |
|---|---|---|
| Mittwoch, 13.06.2018 | 10:00 Uhr | Sitzungssaal 105, 1. OG, Urbanstraße 20 |
| Donnerstag, 14.06.2018 | 10:00 Uhr | Sitzungssaal 105, 1. OG, Urbanstraße 20 |
| Freitag, 15.06.2018 | 10:00 Uhr | Sitzungssaal 105, 1. OG, Urbanstraße 20 |
| Montag, 18.06.2018 | 10:00 Uhr | Sitzungssaal 105, 1. OG, Urbanstraße |
| Dienstag, 19.06.2018 | 10:00 Uhr | Sitzungssaal 105, 1. OG, Urbanstraße |
| Mittwoch, 20.06.2018 | 10:00 Uhr | Sitzungssaal 105, 1. OG, Urbanstraße 20 |
| Donnerstag, 21.06.2018 | 10:00 Uhr | Sitzungssaal 105, 1. OG, Urbanstraße 20 |
| Freitag, 22.06.2018 | 10:00 – 12:00 Uhr | Sitzungssaal 105, 1. OG, Urbanstraße 20 |

2    **Belehrungen gemäß §§ 78, 215 ZPO**

Vor den Landgerichten herrscht Anwaltszwang. Daher kann nur ein Rechtsanwalt oder im Einvernehmen mit einem Rechtsanwalt ein der deutschen Sprache mächtiger Staatsangehöriger eines Mitgliedstaates der Europäischen Union oder eines anderen Vertragsstaates des Abkommens über den Europäischen Wirtschaftsraum, der nach den Teilen 1 und 5 des Gesetzes über die Tätigkeit europäischer Rechtsanwälte in Deutschland (EuRAG) berechtigt ist, vorübergehend die Tätigkeit eines Rechtsanwalts auszuüben, zum Prozessbevollmächtigten bestellt werden. Handlungen, die die Partei selbst vornimmt, sind prozessrechtlich unwirksam. Wird für die Partei kein Rechtsanwalt oder kein vorstehend näher bezeichneter ausländischer Rechtsanwalt tätig, kann gegen sie ein Versäumnisurteil ergehen. Die Parteien werden daher ausdrücklich darauf hingewiesen, dass das Nichterscheinen im Termin zu einem Verlust des Prozesses führen kann. Gegen die nicht erschienene Partei kann auf Antrag des Gegners ein Versäumnisurteil erlassen oder eine Entscheidung nach Aktenlage getroffen werden (§§ 330 bis 331a, 251a ZPO); in diesem Fall hat die säumige Partei auch die Gerichtskosten und die notwendigen Kosten der Gegenseite zu tragen (§ 91 ZPO). Aus dem Versäumnisurteil oder dem Urteil nach Lage der Akten kann der Gegner der säumigen Partei gegen diese die Zwangsvollstreckung betreiben (§ 708 Nr. 2 ZPO).

3    **Allgemeine Hinweise zur Terminierung und zur Beweisaufnahme**

4    Der Terminfahrplan sieht eine Einführung in den Sach- und Streitstand sowie ein Rechtsgespräch mit den Parteien am Mittwoch, den 13. Juni 2018, vor. Die Vernehmung von Zeugen erfolgt vom 14. Juni bis zum 22. Juni 2018. Die zu ladenden Zeugen und die

Case 1:19-mc-00166-RA-SDA   Document 25-4   Filed 05/14/19   Page 4 of 7

Beweisthemen werden erst Anfang Mai bekannt gegeben, nachdem die Beklagte auf den Schriftsatz der Klägerin vom 12. Januar 2018 repliziert hat.

5    Das Gericht hat mit seinem Beschluss vom 20. Oktober 2017 (22 O 348/16) lediglich solche Umsatzgeschäfte, die in die vorläufig ermittelte Desinformationsphase fallen (15. Mai 2014 bis 20. September 2015), auf den Vorlagebeschluss vom 28. Februar 2017 (22 AR 1/17 Kap) ausgesetzt. Sämtliche vor dem 15. Mai 2014 liegende Umsatzgeschäfte fallen nach dem Teilaussetzungs- und Hinweisbeschluss vom 20. Oktober 2018 nicht in die durch § 37b WpHG umschriebene Desinformationsphase. Aufgrund des weiteren unter Beweisantritt erfolgten Tatsachenvortrags sollen nach Ansicht der Klageparteien die zeitliche Desinformationsphase des Anlegerpublikums erheblich früher begonnen haben und im Übrigen die Voraussetzungen nach § 826 BGB gegeben sein. Hinsichtlich der Annahme eines sittenwidrigen Verhaltens bei Inkenntnissetzung eines Vorstandsvorsitzenden verweist das Gericht auf den Vorlagebeschluss des LG Stuttgart vom 6. Dezember 2017, 22 AR 2/17 Kap Rdn. 102, das dort eine vorläufige Rechtsauffassung des erkennenden Gerichts darstellt.

6    Im Rahmen einer Beweisaufnahme sind nach vorläufiger Auffassung des Gerichts der Zeitraum der Desinformationsphase und die Voraussetzungen nach § 826 BGB für Umsatzgeschäfte insbesondere vor dem 15. Mai 2014 zu klären. Kommt das Gericht aufgrund der Beweisaufnahme zu dem Ergebnis, dass sich der Beweis einer sittenwidrigen Schädigung führen lässt, ist der gesamte Rechtsstreit auf den Vorlagebeschluss vom 28. Februar 2017, 22 AR 1/17 Kap, auszusetzen. Lässt sich der Tatsachenvortrag der Klageparteien nicht beweisen, ist die Klage für sämtliche Umsatzgeschäfte, die nicht auf den Vorlagebeschluss ausgesetzt wurden, entscheidungsreif. Das Gericht wird dann durch Teilurteil zu entscheiden haben.

7    Einer Beweisaufnahme durch das Prozessgericht steht auch nicht das eingeleitete Musterverfahren entgegen. Denn das Vorlagegericht hat nicht globale Musterfragen zur Entscheidung und Feststellung dem Oberlandesgericht Stuttgart vorgelegt, sondern bewusst zwei „abgeschichtete" Musterfragen: Es geht um die Reichweite der Ad-hoc-Publizität in einem faktischen Konzernverhältnis und die Frage der Wissenszurechnung. Daraus folgt, dass alle übrigen Anspruchsvoraussetzungen im Rahmen der Aussetzungsbeschlüsse durch das erkennende Prozessgericht in der erforderlichen Entscheidungstiefe des § 300 ZPO geprüft werden können. Dadurch kann ggf. ein Rechtsstreit ohne weitere Teilaussetzung zügiger beendet werden (LG Stuttgart, Beschluss vom 20. Oktober 2017, Rdn. 30), sofern sich nicht der klägerische Tatsachenvortrag beweisen lässt.

8     Es ist beabsichtigt, dass die Beweisaufnahme aufgrund der Bedeutung der Zeugenaussagen vollständig aufgezeichnet werden. Insoweit wird auf die Möglichkeit nach § 160a Abs. 1, Abs. 2 Satz 2 ZPO verwiesen. Das Gericht bemüht sich derzeit mit der Gerichtsverwaltung um die Beschaffung einer geeigneten Konferenztechnik für den Sitzungssaal.

9     **Verbindung weiterer Verfahren zur gemeinsamen Beweisaufnahme**

10     Das Gericht beabsichtigt, weitere Verfahren zur gemeinsamen Beweisaufnahme zu „verbinden". Diese Vorgehensweise lässt die einzelnen Verfahren als selbständige fortbestehen (vgl. BGH NJW 1957, 183) und soll eine Wiederholung von Beweisaufnahme in Parallelstreitigkeiten vermeiden.

11     **Frist zur abschließenden Stellungnahme**

12     Die Beklagte erhält Gelegenheit abschließend bis zum **27. April 2018** auf den Schriftsatz zu replizieren.

13     **Auflage an die Klageparteien**

14     Den Klageparteien wird aufgegeben, möglichst bis **27. April 2018** ladungsfähige Wohnanschriften von Herrn *Heinz-Jakob Neusser*, Herrn *Jens Hadler*, Herrn *Friedrich Eichler*, Herrn *Bernd Gottweis*, Herrn Richard Dorenkamp, Herrn *Dieter Mannigel*, Herrn *Andreas Specht*, Herrn *Jörg Kerner*, Herrn *Martin Hierse*, Herrn *Matthias Klaproth,* Herrn *Frank Tuch.*

15     **Anordnung nach § 142 ZPO iVm. § 273**

16     Die gegenüber der Bosch GmbH erfolgte Anordnung zur Vorlage des Schrift- und Emailwechsels zwischen Mitarbeitern der Bosch GmbH und VW AG erfolgte vor dem Hintergrund der angekündigten Terminierung. Die Anwendung des prozessrechtlichen Instrumentariums führt vorliegend nicht zu einer „Verletzung des rechtlichen Gehörs". Die Beklagte kann zur Verwertbarkeit von Unterlagen und Zeugenaussagen im laufenden Verfahren Stellung nehmen.

17     **Weitere Beweisaufnahme der Auslandszeugen**

18     Die Zeugen James Liang und Oliver Schmidt sind derzeit in den USA inhaftiert. Nach dem Wissenstand des Gerichts dürfte es sich bei beiden Zeugen um deutsche Staatsangehörige handeln. Ob es sich bei Michael Horn ebenfalls um einen deutschen Staatsangehörigen handelt, ist für das Gericht derzeit noch ungeklärt.

19    Zur Einvernahme dieser und weiterer in USA ansässiger Auslandszeugen (Leonard Kata, Stuart Johnson, Suanne Thomas, Ian M. Dinsmore) weist das Gericht auf Folgendes hin:

20    Soweit diese Zeugen bereit sind, sich vernehmen zu lassen, jedoch keine Bereitschaft zeigen, zu einer mündlichen Verhandlung in Deutschland zu erscheinen, oder ihnen dies infolge Inhaftierung verwehrt ist, bestehen aus Sicht des Prozessgerichts folgende Möglichkeiten:

21    In Betracht kommen eine Beweisaufnahme durch ein amerikanisches Gericht, den deutschen Konsul (§ 363 Abs. 2 ZPO) und per Videokonferenz. Denkbar sind auch Kombinationen dieser Möglichkeiten, wobei das Gericht in Anbetracht der Bedeutung der Aussagen der Zeugen keine Vernehmungsmöglichkeit für geeignet hält, in der nicht die Möglichkeit, Fragen an den Zeugen zu stellen, besteht. Nach Kenntnis des Gerichts ist bei jeder Vernehmung, die die Mitwirkung der amerikanischen Behörden erfordert, ein förmliches Rechtshilfeersuchen zu stellen. Für ein solches sind jedoch die Bearbeitungszeiten auf amerikanischer Seite nicht kalkulierbar und reichen von sechs Monaten bis zu deutlich mehr als einem Jahr.

22    Aus diesem Grund ist eine zeitnahe Vernehmung nur möglich ist, wenn auf ein förmliches Rechtshilfeersuchen verzichtet wird. Eine Vernehmung durch einen Konsul erscheint dem Gericht als die geeignete Methode, eine beschleunigte Durchführung der Beweisaufnahme zu ermöglichen. Grund hierfür ist, dass nach dem Haager Übereinkommen über die Beweisaufnahme im Ausland in Zivil- und Handelssachen (im Folgenden: HBÜ) und der von der amerikanischen Regierung zu Art. 16 und 17 HBÜ abgegebenen Erklärung (vgl. BGBl. 1980 II S. 1290) eine solche Vernehmung ohne Genehmigung durch die amerikanischen Behörden möglich ist.

23    Einer Vernehmung der Zeugen allein durch den jeweiligen Konsul stehen aber die o.g. Bedenken entgegen, wobei eine solche Verfahrensweise die Gewinnung eines direkten Eindrucks von den Zeugen verhindern würde. Aus diesem Grund soll eine Vernehmung nur in Anwesenheit des Gerichts und der Parteivertreter erfolgen. Das Gericht beabsichtigt, daher einen Antrag nach Art. 8 HBÜ zu stellen und hilfsweise einen Antrag auf Videokonferenz vor Ort nach Art. 9 Abs. 2 HBÜ, falls die inhaftierten Zeugen nicht zeitweise zur Vernehmung zu einem der Generalkonsulate gelangen können.

24    Das Gericht ist sich dabei bewusst, dass durch ein solches Verfahren nicht unerhebliche Kosten und Auslagen verursacht werden, die letztendlich die unterliegende Partei zu tragen haben wird. Sowohl die Klageparteien als auch die Beklagte haben ein hohes Interesse daran, dass der übrige Rechtsstreit unabhängig von der Musterfrage, welche

im Musterverfahren behandelt wird, zügig bearbeitet wird. Bei der Abwägung zwischen der Kostenfrage einerseits und dem Anspruch der Parteien auf zeitnahe Entscheidung hat das Gericht auch maßgeblich die Erwägungen des Bundesverfassungsgerichts vom 27. Juli 2004 (1 BvR 1196/04) mit einbezogen, aus denen deutlich wird, dass gerade nach der bisherigen, von den Parteien nicht zu vertretenden Verfahrensdauer der Aspekt der Beschleunigung des Verfahrens eine überragende Rolle spielt.

25      Die **Klageparteien** mögen möglichst bis **27. April 2018** dem Gericht mitteilen, ob und welche von ihr benannten Zeugen bereit sind, vor einem deutschen Konsul in einem der Generalkonsulate sich vernehmen zu lassen.

26      Im Übrigen mögen die **Parteien** sich zu der vorläufig skizzierten Vorgehensweise der Einvernahme von Auslandszeugen in den Vereinigten Staaten von Amerika ebenfalls bis zum **27. April 2018** äußern.

27      **Verhandlung vor dem Einzelrichter - Übertragung des Rechtsstreits auf die Kammer**

28      Aus Sicht des Einzelrichters sprechen derzeit keine Gründe dafür, den Rechtsstreit auf die Kammer zu übertragen. Sollten die Parteien dies anders beurteilen oder ausdrücklich eine Kammerentscheidung wünschen, wird um Mitteilung gebeten. Sollte im Übrigen in der Person des Einzelrichters aus Sicht der Parteien Hindernisse bestehen, wird um Mitteilung gebeten.

Dr. Richter Reuschle
Richter am Landgericht

Beglaubigt
Stuttgart, 29.03.2018

Schäuble
Urkundsbeamtin der Geschäftsstelle
Durch maschinelle Bearbeitung beglaubigt
- ohne Unterschrift gültig