# Exhibit E

Certified copy

| | |
|---|---|
| File reference | [stamp:] |
| | Received |
| 22 O 348/16 | April 06, 2018 |
| | Hengeler Mueller] |

[emblem]

Regional Court Stuttgart

**Scheduling**

In the legal matter

1) **Greenwich (Japan) Limited**, PO Box 309, Ugland House South Church Street, Grand Cayman, Cayman Islands, represented by their directors Paul Singer and Elliot Greenberg, 40 West 57th Street, 4th floor, New York, NY 100019, U.S.A., United States

- Plaintiff -

2) **Gateshead (Japan) LLC,** represented by its general partner Paul Singer, 40 West 57th Street, 4th floor, New York, NY 100019, U.S.A., c/o The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, DE 19801 U.S.A., represented by the managing member Elliot Associates, L.P., 40 West 57th Street, 4th Floor, New York, New York, 10019, U.S.A., United States

- Plaintiff –

<u>Authorized representatives for 1 and 2</u>:
Attorneys **BROICH,** Bockenheimer Landstr. 2-4, 60306 Frankfurt am Main

versus

**Porsche Automobil Holding SE**, represented by the executive board, Porscheplatz 1, 70435 Stuttgart

- Defendant –

<u>Authorized representatives</u>:
Attorneys **Hengeler Mueller**, Bockenheimer Landstr. 24, 60323 Frankfurt

for compensation of damages based on Section 37 b WpHG (Securities Trading Act)

22 O 348/16 Page - 2 -

1 In the proceedings the following dates have been set for hearings and gathering of evidence:

| Day of the week and date | Time | Room / Floor / Building |
|---|---|---|
| Wednesday, 06/13/2018 | 10:00 AM | Court room 105, 1st upper floor, Urbanstr. 20 |
| Thursday, 06/14/2018 | 10:00 AM | Court room 105, 1st upper floor, Urbanstr. 20 |
| Friday, 06/15/2018 | 10:00 AM | Court room 105, 1st upper floor, Urbanstr. 20 |
| Monday, 06/18/2018 | 10:00 AM | Court room 105, 1st upper floor, Urbanstr. 20 |
| Tuesday, 06/19/2018 | 10:00 AM | Court room 105, 1st upper floor, Urbanstr. 20 |
| Wednesday, 06/20/2018 | 10:00 AM | Court room 105, 1st upper floor, Urbanstr. 20 |
| Thursday, 06/21/2018 | 10:00 AM | Court room 105, 1st upper floor, Urbanstr. 20 |
| Friday, 06/22/2018 | 10:00 AM – 12:00 noon | Court room 105, 1st upper floor, Urbanstr. 20 |

2 **Instruction pursuant to Sections 78, 215 ZPO (Code of Civil Procedure)**

The regional courts mandate attorney representation. Accordingly, only an attorney, or with approval of an attorney a citizen of a member state of the European Union or another contractual state of the Agreement regarding the European Economic Zone, capable to speak German, who according to parts 1 and 5 of the law regarding the operation of European attorneys in Germany (EuRAG) is authorized to temporarily execute the function of an attorney, may be appointed as a representative in court. Any actions performed by the party itself are ineffective for the proceedings. In the event that no attorney or no foreign counsel as defined above has been appointed said party may be subject to a default decree. Accordingly the parties are hereby informed explicitly that the failure to appear to a hearing may lead to losing the suit. Upon a motion by the opposing party, a default decree may be issued against the party failing to appear or a decision may be rendered based on the files (Section 330 to 331a, 251a ZPO (Code of Civil Procedure)); in this case the party in default is also liable to pay the court costs and necessary expenses of the opposing party (Section 91 ZPO). The opposing party may initiate enforcement actions against the party in default based on the default decree or a judgment issued based on the files (Section 708 no. 2 ZPO).

3 **General information regarding scheduling and gathering of evidence**

4 The scheduling provides for the introduction of the facts of the matter in dispute as well as a legal conversation with the parties on Wednesday, June 13, 2018. The interrogation of witnesses shall occur on June 14 to June 22, 2018.

        The witnesses to be subpoenaed and the evidence topics will only be disclosed by the beginning of May, after the Defendant has responded to the writ of the Plaintiff dated January 12, 2018.

5        In its decision dated October 20, 2017 (22 O 348/16) the court has only suspended such transactions covered by the preliminarily determined disinformation phase (May 15, 2014 to September 20, 2015), based on the file decision dated February 28, 2017 (22 AR 1/17 Kap). All transactions that occurred prior to May 15, 2014 are not covered by the disinformation phase described in Section 37b WpHG, according to the decision of partial suspension and information dated October 20, 2018. Based on another statement of facts with presentation of evidence, in the opinion of the Plaintiffs the temporal disinformation phase of the investors shall have started much earlier and for the rest the conditions under Section 826 BGB (German Civil Code) were applicable. With regard to the assumption of an immoral behavior upon information of the president of the executive board the court refers to the file decision of the Regional Court Stuttgart, dated December 6, 2017, 22 AR 2/17 Kap side no. 102, which here represents a preliminary legal opinion of the deciding court.

6        Within the scope of the gathering of evidence, according to preliminary findings of the court, the period for the disinformation phase and the conditions pursuant to Section 826 BGB (German Civil Code) for sales transactions particularly prior to May 15, 2014 must be clarified. If the court comes to the conclusion based on the gathering of evidence that the proof of an immoral damage can be supported, the entire legal dispute shall be suspended to the file decision dated February 28, 2017, 22 AR 1/17 Kap. If the allegations presented by the disputing parties cannot be proven, the suit is ready for a decision regarding all sales transactions which were not suspended based on the file decision. The court will then render a decision by way of a partial judgment.

7        The introduced model case has no hindering effect upon the gathering of evidence by the responsible court. Here, the responsible court shall not decide on matters of global models presented for a decision and determination by the Higher Regional Court Stuttgart, but intentionally two "separate" model questions. This relates to the scope of the ad-hoc publicity in a factual group-company relationship and the question of allocation of know-how. This results to allow reviewing in all other conditions for a claim within the scope of the decision for suspension by the responsible court with the required depth of decision of Section 300 ZPO. Accordingly, perhaps a legal dispute can be concluded in a more timely fashion without an additional partial suspension (Regional Court Stuttgart, decision dated October 20, 2017, side no. 30), unless the subject matters presented by the Plaintiff cannot be supported.

22 O 348/16 Page - 4 -

| | |
|---|---|
| 8 | It is intended that the gathering of evidenced, based on the importance of the witness testimony, is recorded in its entirety. To this regard, reference is made to the options given pursuant to Section 160a para. 1, para. 2, sentence 2 ZPO. The court currently attempts in cooperation with the court administration to obtain suitable conference technology. |
| 9 | **Connection to other proceedings for joint gathering of evidence** |
| 10 | The court intends to "link" additional proceedings for joint gathering of evidence. This process allows the individual proceedings to continue independently (cf. BGH (Federal Court of Justice) NJW 1957, 183) and shall prevent repetitions of evidence gathering in parallel proceedings. |
| 11 | **Deadline for final comments** |
| 12 | The Defendant is given the opportunity to respond by **April 27, 2018**. |
| 13 | **Conditions set to the disputing parties** |
| 14 | The disputing parties are requested, if possible by **April 27, 2018**, to provide the residences for the subpoenas of Mr. *Heinz-Jakob Neusser*, Mr. *Jens Hadler,* Mr. *Friedrich Eichler,* Mr. *Bernd Gottweis*, Mr. Richard Dorenkamp, Mr. *Dieter Mannigel,* Mr. *Andreas Specht,* Mr. *Jörg Kerner,* Mr. *Martin Hierse*, Mr. *Matthias Klaproth*, Mr. *Frank Tuch*. |
| 15 | **Order pursuant to Section 142 ZPO in conjunction with Section 273** |
| 16 | The order issued to Bosch GmbH for presenting the letter and e-mail correspondence between employees of Bosch GmbH and VW AG occurred in light of the announced scheduling. The application of procedural instruments results in the present case not in any "violation of the right for legal hearings". The Defendant may comment the utilization of documents and witness testimony in the current proceedings. |
| 17 | **Additional gathering of evidence of foreign witnesses** |
| 18 | The witnesses James Liang and Oliver Schmidt are currently incarcerated in the U.S.A. According to the knowledge of the court, these two witnesses should be German citizens. If Michael Horn is also a German citizen remains to be clarified by the court. |

22 O 348/16 Page - 5 -

19 With regards to the interrogation of them and other foreign witnesses in the U.S.A. (Leonard Kata, Stuart Johnson, Suanne Thomas, Ian M Dinsmore) the court points out the following:

20 To the extent these witnesses can be interrogated but refuse to appear for a hearing in Germany, or this trip is impossible due to incarceration, the responsible court points out the following options:

21 For the purpose of gathering evidence an interrogation is also possible by American courts, the German consul (Section 363 para. 2 ZPO), and via videoconference. A combination of these options is also possible, with in light of the importance of the statements of the witnesses the court considering any potential interrogation to be unsuitable that allows no way of asking the witness any questions. According to the best knowledge of the court for an interrogation with the cooperation of the American authorities here formal letters rogatory are required. However, the processing times therefor are unpredictable on the American side and range from six months to considerably more than one year.

22 For this reason, any timely interrogation is only possible if letters rogatory are waived. An interrogation by a consul seems to be a suitable way, in the opinion of the court, to allow an accelerated execution of the gathering of evidence. The reason is here that, based on the Hague Convention regarding the gathering of evidence abroad in civil and commercial matters (hereinafter: HC) and the declaration issued by the American government regarding art. 16 and 17 HC (cf. Federal Gazette 1980 II p. 1290), such an interrogation is possible without the approval by the American authorities.

23 An interrogation of the witnesses by the respective consul <u>alone</u> is however opposed by the above-stated concerns, with such a procedure potentially preventing that a direct impression of the witness can be obtained. For this reason, any interrogation shall only occur in the presence of the court and representatives of the parties. The court intends therefore to file a motion pursuant to 8 HC and *alternatively* file a motion for a videoconference on site pursuant to art. 9 para. 2 HC, if the incarcerated witness cannot temporarily come to the general consulate for interrogation.

24 The court is fully aware, here that by such a process considerable costs and expenses arise, which ultimately have to be paid by the losing party. Both the Plaintiffs as well as the Defendant are very interested in a timely progression of the legal dispute, regardless of the model suit handled by separate proceedings.

22 O 348/16                                                                 Page - 6 -

Weighing the matters of costs on the one side and the claim of the parties for a timely decision the court has also taken into account the considerations of the Federal Constitutional Court dated July 27, 2004 (1 BvR 1196/04), which clarifies that particularly based on the prior duration of the law suit, which was not caused by actions of the parties, the aspect of a speedy trial is of superior importance.

25   The **Plaintiffs** shall inform the court by **April 27, 2018** if possible, when and which of the witnesses named are ready to have a German consul interrogate them in one of the German general consulates.

26   For the rest, the **parties** shall also comment the outlined procedure for interrogating foreign witnesses in the United States of America, also by **April 27, 2018**.

27   **Proceedings with a single judge – transfer of the legal dispute to the full court**

28   In the opinion of the single judge there are currently no reasons to transfer the legal matter to the full court. If the parties come to a different conclusion or explicitly request a decision by the full court, this shall be stated accordingly. If there are any objections to the person of the single judge, this shall also be disclosed by the parties.


Judge Reuschle, PhD
Judge with the Regional Court

Certified:
Stuttgart, 03/29/2018

Schäuble
Documenting clerk of the office
Certified by machine processing
- valid without signature                    [stamp:]

                                             Regional Court Stuttgart]



City of New York, State of New York, County of New York

I, Noosha Uddin hereby certify that the document **"Order of the Regional Court of Stuttgart dated March 29, 2018"** is to the best of my knowledge and belief, a true and accurate translation from German into English.

*[signature]*
Noosha Uddin

Sworn to before me this
May 13, 2019

*[signature]*
Signature, Notary Public

```
RYAN ALEXANDER DROST
Notary Public - State of New York
No. 01DR6262048
Qualified in NEW YORK County
My Commission Expires MAY 21, 2020
```

Stamp, Notary Public

LANGUAGE AND TECHNOLOGY SOLUTIONS FOR GLOBAL BUSINESS

THREE PARK AVENUE, 40TH FLOOR, NEW YORK, NY 10016 | T 212.689.5555 | F 212.689.1059 | WWW.TRANSPERFECT.COM
OFFICES IN 90 CITIES WORLDWIDE