# Exhibit K

| | |
|---|---|
| **From:** | Graham, Christopher A. |
| **Sent:** | Friday, August 28, 2020 11:59 AM |
| **To:** | Joshua K. Bromberg; Han, Suhana S.; Stamenova-Dancheva, Antonia E.; Dato, Tyler M. |
| **Cc:** | David Parker; Marc Rosen |
| **Subject:** | RE: In re Ex Parte Application of Porsche Automobil Holding SE, Case No.19-mc-0166-RA-SDA (Email 1 of 3) |

Josh,

Thank you for agreeing to look into the display issue regarding the portfolio review documents, and for agreeing to produce the remaining periodic reports.

Regarding the privilege log, PSE agreed to look at a sample privilege log in the interest of economy. It remains Elliott's obligation to produce a log that complies with Rule 26, which the sample you provided did not. Your email does not fairly characterize our critique of Elliott's log, our proposed revisions, or the timeline. I explained in some detail why the log was insufficient, provided a specific example, pointed to particular information that was deficient, and explained why that was significant in the context of this case. In response to the deficiencies we identified, we requested that Elliott produce a document-by-document log; list the participants and their role (to, from, cc, bcc) for each document; list and describe attachments separately from parent emails; specify the author and topic for attachments; and describe the listed documents and the bases for Elliott's claims of privilege in greater detail to enable PSE to make an informed assessment of Elliott's privilege claims. As to the timeline, it took Elliott two and half weeks to provide the requested sample, which already was more than six weeks from the date when Elliott advised that its production was substantially complete, on June 29, 2020. It took PSE slightly over a week to make an assessment of the log, research relevant case law, and outline a proposed fix. In addition, PSE had raised concerns regarding the sufficiency of Elliott's log weeks before that, in connection with our July 28, 2020 meet and confer. The delay has been Elliott's, not PSE's. In any event, we accept your proposal to provide a revised log in the form PSE requested and in compliance with Rule 26.

Regarding the deposition, we do not agree to any extension of the timeline. Elliott cannot use its own deficient privilege log as an excuse to delay a deposition that PSE has been attempting to schedule for a month. Although we would have liked to have the privilege log before the deposition, given the inordinate amount of time it has taken Elliott to make its document productions, we are not willing to postpone the deposition further. We reserve all rights as to the privilege log. Nor is the need to produce what, by my count, is approximately 160 additional position reports that Elliott already had identified as responsive as early as March 6, 2020, a basis for delay. We first requested that Elliott provide deposition dates on July 27, 2020—one month ago—and Elliott agreed to do so during the July 28 meet and confer. We have followed up repeatedly with requests that Elliott provide deposition dates, including most recently in an email this past Friday, to which Elliott has not responded.

Please provide available deposition dates in September by no later than early next week. Please also confirm that you still plan to produce, by today, the position reports that we discussed during the July 28 meet and confer. And please let us know when we can expect the production of the final set of position reports.

Best regards,
Chris