# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In Re Ex Parte* Application of Porsche Automobil Holding SE for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings. | Case No. 1:19-mc-00166-RA-SDA |

**PORSCHE AUTOMOBIL HOLDING SE'S [PROPOSED] SUR-REPLY
IN FURTHER OPPOSITION TO RESPONDENTS' MOTION
FOR RECIPROCAL DISCOVERY**

October 21, 2020

Robert J. Giuffra, Jr.
Suhana S. Han
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
(212) 558-4000

*Counsel for Applicant
Porsche Automobil Holding SE*

Applicant Porsche Automobil Holding SE ("PSE") submits this sur-reply to address factual misstatements and related claims raised for the first time in the September 30, 2020 reply of Respondents Elliott Associates, L.P., Elliott Capital Advisors, L.P., Elliott International Capital Advisors Inc., and Elliott Management Corporation (together, "Elliott") in support of their motion for reciprocal discovery (Dkt. 75 (the "Reply")) and in the accompanying supplemental declaration of Josef Broich and Dr. Olaf Gierke (Dkt. 76 (the "Suppl. Broich/Gierke Decl.")).

Elliott does not deny that it seeks, through purportedly "reciprocal" discovery of PSE, to obtain documents almost entirely in Volkswagen AG's ("VWAG") possession. PSE is a separate company from VWAG—with its own shareholders and supervisory and management boards separate from VWAG's—and is not involved in VWAG's day-to-day operations. (*See* Dkt. 71 ("Döss Decl.") ¶¶ 5-7, 12-19.)

To justify its unprecedented use of Section 1782, Elliott makes, for the first time in its Reply, multiple erroneous claims regarding the relationship between PSE and VWAG and mischaracterizes the limits on the exchange of information between PSE and VWAG as a matter of German law.[1] In doing so, Elliott ignores that PSE cannot legally obtain the documents sought by Elliott that are in the possession of VWAG because VWAG may not provide such documents to PSE without violating German law. (*See* Döss Decl. ¶¶ 2-19; 4th Suppl. Meier Decl. ¶¶ 2-5.)[2]

---

[1] Elliott also wrongly claims that PSE "mischaracterizes" certain cases demonstrating that reciprocal discovery is not warranted in this case. (Reply at 6 n.8.) For example, *In re Republic of Ecuador* denied Chevron's request for reciprocal discovery in part because its requests were "far afield from the material [a]pplicants s[ought] from [r]espondents"—not because, as Elliott claims, Chevron was a non-party to the Section 1782 proceeding. 2011 WL 736868, at *10 (N.D. Cal. Feb. 22, 2011); *see also In re Consorcio Minero, S.A.* v. *Renco Grp., Inc.*, 2012 WL 1059916, at *3 (S.D.N.Y. Mar. 29, 2012) (distinguishing *Ecuador* as "involv[ing] a 'wide range' of reciprocal discovery, 'far afield' from the materials that the applicants sought").

[2] References to "4th Suppl. Meier Decl." are to the Fourth Supplemental Declaration of Dr. Markus Meier, submitted herewith.

*First*, Elliott speculates that PSE has possession, custody, or control over VWAG documents because Dr. Martin Winterkorn and Dr. Manfred Döss held or hold positions at both PSE and VWAG. (Reply at 8.) But as PSE's sworn declarations confirm, individuals with roles at both PSE and VWAG are bound by strict confidentiality obligations expressly barring disclosure of one company's information to the other. (*See* Döss Decl. ¶ 15 (citing German Stock Corporation Act § 93, ¶ 1); *see also* Dkt. 74 at 23.)[3]

*Second*, Elliott erroneously claims that PSE possesses such control over VWAG that PSE can obtain "any information" from VWAG, including the expansive discovery that Elliott seeks here. In support of this breathtakingly broad proposition, Elliott cites an October 24, 2018 judgment of the Regional Court of Stuttgart in the Greenwich Action ruling that VWAG was permitted to disclose to PSE certain "inside information." (Suppl. Broich/Gierke Decl. ¶ 10; Reply at 8.) Elliott blatantly mischaracterizes the Stuttgart judge's ruling. Setting aside that the judge has been disqualified due to a conflict of interest, and that PSE vigorously disputes that ruling on appeal, the Stuttgart judge merely held that VWAG was permitted to provide to PSE limited, non-public information with significant potential to impact the share price of PSE. (4th Suppl. Meier Decl. ¶ 2.) But this ruling provides no basis for Elliott's requests that VWAG disclose to PSE millions of pages of documents that do not bear on PSE's current share price (*id*.), nor does it relieve VWAG of its obligations to preserve the confidentiality of its corporate information under German law (Döss Decl. ¶¶ 15-17).[4]

---

[3]  Elliott improperly relies upon news articles that focus on alleged conduct by VWAG and then attributes those allegations to PSE, wildly speculating that because individuals like Dr. Winterkorn held positions at PSE and VWAG, it is "plausible" that PSE produced documents in connection with investigations of VWAG. (Suppl. Broich/Gierke Decl. ¶ 20.)

[4]  Similarly, the expectation that VWAG will inform PSE of risks threatening VWAG's ability to continue operating as an economically viable company does not provide a legal basis for VWAG to provide PSE with the documents that Elliott seeks. (4th Suppl. Meier Decl. ¶ 2

*Third*, Elliott cannot rebut the fact that any information VWAG discloses to PSE would need to be disclosed to VWAG's other shareholders by claiming that PSE has a "special legal relationship" with VWAG such that "information can . . . be shared without having to be provided to the other shareholders," as an exception to the rule. (Suppl. Broich/Gierke Decl. ¶ 7; *see also* Reply at 9.) But that exception, not applicable here, applies only to information provided "*for purposes of including the company in the consolidated financial statements of the parent company*." (*See* 4th Suppl. Meier Decl. ¶ 3 (quoting German Stock Corporation Act § 131, ¶ 4 (emphasis added)).)

*Fourth*, Elliott incorrectly asserts that PSE paid nine million Euros to terminate criminal proceedings against Hans Dieter Pötsch and Herbert Diess in Braunschweig. (Suppl. Broich/Gierke Decl. ¶¶ 12, 22.) The article Elliott cites is wrong. VWAG has publicly stated that it—and not PSE—covered the costs related to these proceedings against Mr. Pötsch and Dr. Diess. (*See* 4th Suppl. Meier Decl. ¶ 4.)

*Fifth*, to try to refute PSE's overbreadth argument, Elliott cites for the first time a legal brief filed by PSE in proceedings unrelated to the Greenwich Action and the diesel issue claiming that PSE formed a "de facto group" with VWAG (Suppl. Broich/Gierke Decl. ¶ 11), and that PSE "can directly or indirectly exercise a controlling influence on [VWAG]" (*id.* at ¶ 5). Again, Elliott is wrong. The discussion in the legal brief Elliott cites reflects that PSE considered acquiring a controlling stake in VWAG *over 10 years ago* depending on economic considerations. (4th Suppl. Meier Decl. ¶ 5.) Although PSE eventually acquired the majority of voting shares in VWAG, a change of VWAG's by-laws passed by resolution at VWAG's general

---

(explaining that this exception to the ordinary limits on exchange of confidential information only permits VWAG to alert PSE to current risks to VWAG's business); *see also* Döss Decl. ¶ 5.)

meeting in 2009 prevented PSE from appointing a majority of the members of VWAG's supervisory board (*see id.*; Döss Decl. ¶¶ 12-13), and thus PSE cannot direct VWAG's management board (4th Suppl. Meier Decl. ¶ 5).

*Sixth*, Elliott cannot downplay the massive breadth of its document subpoena by claiming that certain discovery requests are limited to "You," which Elliott maintains refers to PSE, not VWAG. (Reply at 9.) By its terms, however, Elliott's subpoena defines "You" as encompassing PSE's subsidiaries (*see* Dkt. 66-1 at 3), which Elliott has stated, incorrectly, includes VWAG (*see, e.g.*, Dkt. 63 at 1 (claiming VWAG is PSE's "wholly-owned subsidiary")).

*Finally*, Elliott misleadingly claims that the German plaintiffs' prior requests to the German court for much of the same discovery Elliott seeks here were not denied by the German court, but "simply were never ruled upon." (Reply at 6.) In fact, the German court's decision not to grant Elliott's requests was effectively a denial of those requests, confirming that the German court did not regard the requested evidence as necessary for its decision. (4th Suppl. Meier Decl. ¶ 6.) There is no need for Section 1782 discovery where the German court already declined to grant such discovery. *See In re Ecuador*, 2011 WL 736868, at *10 (N.D. Cal. Feb. 22, 2011) (denying reciprocal discovery where there was a question whether "the material sought [wa]s not already within the jurisdictional reach of the foreign tribunal").

## CONCLUSION

For the foregoing reasons and the reasons set out in PSE's September 9, 2020 Opposition (Dkt. 74), Elliott's motion for reciprocal discovery should be denied in full.

Dated: October 21, 2020  
       New York, New York

Respectfully submitted,

*/s/ Robert J. Giuffra, Jr.*
Robert J. Giuffra, Jr.
Suhana S. Han
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
(212) 558-4000
GiuffraR@sullcrom.com
HanS@sullcrom.com

*Counsel for Applicant*
*Porsche Automobil Holding SE*

Dated: October 21, 2020  
      New York, New York

Respectfully submitted,

*/s/ Robert J. Giuffra, Jr.*
Robert J. Giuffra, Jr.
Suhana S. Han
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
(212) 558-4000
GiuffraR@sullcrom.com
HanS@sullcrom.com

*Counsel for Applicant*
*Porsche Automobil Holding SE*

-6-

## CERTIFICATE OF SERVICE

I hereby certify that, on this 21st day of October 2020, the foregoing document was served on counsel for all parties via the Court's ECF system.

Dated: October 21, 2020
       New York, New York

                                          */s/ Robert J. Giuffra, Jr.*
                                          Robert J. Giuffra, Jr.