# Exhibit B

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

———————————————————— x
:
*In Re Ex Parte* Application of Porsche      :
Automobil Holding SE for an Order Pursuant to  :
28 U.S.C. § 1782 Granting Leave to Obtain    :   Case No. 1:19-mc-00166-RA-SDA
Discovery for Use in Foreign Proceedings.    :
:
:
:
:
:
:
:
———————————————————— x

### FOURTH SUPPLEMENTAL DECLARATION OF DR. MARKUS MEIER IN SUPPORT OF PORSCHE AUTOMOBIL HOLDING SE'S [PROPOSED] SUR-REPLY IN FURTHER OPPOSITION TO RESPONDENTS' MOTION FOR RECIPROCAL DISCOVERY

DR. MARKUS MEIER declares the following under penalty of perjury pursuant to 28 U.S.C. § 1746:

1.      I am a partner with the law firm of Hengeler Mueller Partnerschaft von Rechtsanwälten mbB in Frankfurt am Main, Germany.  I previously have submitted declarations in this matter on March 26, 2019, May 14, 2019, September 20, 2019, and September 7, 2020.  I submit this declaration in support of Applicant Porsche Automobil Holding SE's ("PSE") [Proposed] Sur-Reply in Further Opposition to the Motion for Reciprocal Discovery of Respondents Elliott Associates, L.P., Elliott Capital Advisors, L.P., Elliott International Capital Advisors Inc., and Elliott Management Corporation (together, "Elliott"), in order to correct certain misstatements and mischaracterizations in Elliott's Reply.

2.      Elliott claims that PSE possesses control over Volkswagen AG ("VWAG") that would enable PSE to obtain "any information" from VWAG, including the expansive discovery Elliott seeks in this matter, in part based on an October 24, 2018 judgment of the

Regional Court of Stuttgart in the Greenwich Action ruling that VWAG was permitted to disclose to PSE certain "inside information."  (Dkt. 76 ("Suppl. Broich/Gierke Decl.") ¶ 10; Dkt. 75 ("Reply") at 8; *see also* October 24, 2018 Ruling ¶¶ 240-45.)  That is incorrect.  As an initial matter, the Regional Court of Stuttgart ordered that the judge who issued the October 24, 2018 decision should be recused due to a conflict of interest, and PSE vigorously disputes the judge's ruling as both a factual and legal matter on appeal.  However, even if the judge's ruling is found to be correct—which it is not—the judge merely held that VWAG was permitted to provide PSE with "inside information," which, under German law, is non-public information with significant potential to impact the share price of the company that holds the information.  The Stuttgart judge's decision would not provide a basis for VWAG to disclose to PSE documents outside of this narrow category of information.  The documents that Elliott has requested in this Section 1782 matter would not qualify as "inside information," since the documents do not, to PSE's knowledge, contain information that would significantly impact the current share price of PSE.  Outside of the category of "inside information," even if the Stuttgart decision is assumed to be correct, VWAG's obligations to preserve the confidentiality of its corporate information under German law continue to apply.  (*See* Dkt. 71 ("Döss Decl.") ¶¶ 15-17.)  Similarly, the expectation that VWAG will inform PSE of risks threatening VWAG's ability to continue operating as an economically viable company does not provide a basis for VWAG to provide to PSE the documents that Elliott seeks now.  (*Compare* Reply at 10 n.11, *and* Suppl. Broich/Gierke Decl. ¶ 13, *with* Döss Decl. ¶ 5.)  This exception to the limits on disclosure of confidential information permits VWAG only to disclose to PSE risks potentially jeopardizing VWAG's ability to continue as a going concern.  (Döss Decl. ¶ 5.)  The exception does not provide a legal basis for VWAG to disclose to PSE documentary evidence concerning risks that VWAG previously publicly disclosed, as is the case here.

-2-

3.      Elliott claims that, if VWAG produced the requested discovery to PSE, VWAG would not be bound by Section 131, Paragraph 4 of the German Stock Corporation Act, which requires VWAG to provide the same information to other shareholders on request.  (Reply at 9; Suppl. Broich/Gierke Decl. ¶ 7; *see also* Döss Decl. ¶ 17.)  Elliott maintains that this section is "inapplicable" given the "special legal relationship" between PSE and VWAG.  (Suppl. Broich/Gierke Decl. ¶ 7.)  That is incorrect.  The exception Mr. Broich and Dr. Gierke rely on reads, in relevant part:

> Where information has been provided to a stockholder because of his capacity as such, and this was done outside of the general meeting, it is to be provided to every other stockholder making a corresponding request at the general meeting, even if such information is not required in order to appropriately adjudge the item of business set out in the agenda. […] The first and second sentences shall not apply if a subsidiary company (section 290 subsections (1) and (2) of the Commercial Code (HGB)), a joint venture (section 310 (1) of the Commercial Code (HGB)) or an associated enterprise (section 311 (1) of the Commercial Code (HGB)) issues the information to a parent company (section 290 subsections (1) and (2) of the Commercial Code (HGB)) *for purposes of including the company in the consolidated financial statements of the parent company and the information is required for this purpose*.

German Stock Corporation Act § 131, ¶ 4 (emphasis added).  Accordingly, to be exempted from disclosure, information must be shared for the purposes of preparing consolidated balance sheets.  Elliott's requested "reciprocal" discovery does not fit that exception.

4.      Elliott claims that PSE has borne 4.5 million Euros in costs respectively associated with terminating the proceedings against Hans Dieter Pötsch and Herbert Diess by the Public Prosecution Office of Braunschweig.  (*See* Suppl. Broich/Gierke Decl. ¶¶ 12, 22 & Ex. 3.)  That is incorrect.  Mr. Broich and Dr. Gierke and the article they quote are mistaken.  Rather, VWAG bore this amount.  VWAG publicly explained in its Half-Yearly Financial Report for the

period from January through June 2020, as well as at its General Assembly on September 30, 2020, that VWAG has borne the costs associated with the criminal proceedings against Hans Dieter Pötsch and Herbert Diess in Braunschweig.  (Ex. 1 at 5.)[1]

5.    Mr. Broich and Dr. Gierke's claim that PSE formed a "de facto group" with VWAG is misleading.  (Suppl. Broich/Gierke Decl. ¶ 11.)  The discussion in the legal brief Elliott cites, (*id.*), reflects that PSE considered acquiring a controlling stake in VWAG in 2008 depending on economic considerations.  However, although PSE eventually acquired the majority of voting shares in VWAG, a change of VWAG's by-laws which was resolved by VWAG's general meeting in 2009 reserved two seats on the VWAG supervisory board for the German State of Lower Saxony, and prevented PSE from appointing a majority of the members of VWAG's supervisory board.  (*See* Döss Decl. ¶¶ 12-13.)  In addition, PSE cannot direct VWAG's management board.

6.    Elliott claims that German plaintiffs' discovery requests put before the Regional Court of Stuttgart were not rejected "but simply . . . never ruled upon."  (Reply at 6; *see also* Suppl. Broich/Gierke Decl. ¶¶ 15-19.)  This distinction is immaterial.  When a German court does not consider evidence offered to be permissible or significant, it will typically not issue a separate decision saying so; it will simply not issue a decision on the issue before rendering the final judgment.

---

[1]    Attached as Exhibit 1 is an excerpt of the VWAG Half-Yearly Financial Report for the period from January through June 2020.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on October 21, 2020.

_____
Dr. Markus Meier